Lopuch v Board of Mgrs. of the Morgan Lofts Condominium (2025 NY Slip Op 50365(U))

[*1]

Lopuch v Board of Mgrs. of the Morgan Lofts Condominium

2025 NY Slip Op 50365(U)

Decided on March 24, 2025

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 24, 2025
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Tisch, J.P., James, Perez, JJ.

570054/25

Stanislaw Lopuch and Wanda Lopuch, Plaintiffs-Appellants, 
against
The Board of Managers of the Morgan Lofts Condominium, Defendant-Respondent.

Plaintiffs appeal from an order of the Civil Court of the City of New York, New York County (Jeffrey S. Zellan, J.), dated September 30, 2024, which granted defendant's motion for summary judgment dismissing plaintiff's complaint and for judgment on the counterclaim in the principal sum of $22,494.11, and set the matter down for a hearing on attorneys' fees.

Per Curiam.
Order (Jeffrey S. Zellan, J.), dated September 30, 2024, affirmed, without costs.
Civil Court properly dismissed the complaint. Plaintiffs sought to serve the defendant Board by delivering the complaint to a doorman/concierge employed by the managing agent. As the motion court correctly held, this is not a proper method of service upon an unincorporated association under General Associations Law § 13, which requires service of process on an officer of the unincorporated association "in the manner provided by law for the service of a summons on a natural person" (General Associations Law § 13; see also CPLR 308). Because delivery to an employee of the managing agent does not constitute service upon a board member pursuant to a method of service provided under CPLR 308, service on the Board was not proper (see Makhnevich v Board of Mgrs. of 2900 Ocean Condominium, 217 AD3d 630, 631 [2023], app dismissed 40 NY3d 1015 [2023]). "[T]he fact that [defendant] received actual notice does not confer jurisdiction upon the court" (Matter of Jiggetts v MTA Metro-N. R.R., 121 AD3d 414, 415 [2014]).
In any event, even assuming that plaintiffs established personal jurisdiction, or, alternatively, that defendant waived their jurisdictional objection by interposing the counterclaim (see Textile Tech. Exch. v Davis, 81 NY2d 56, 58-59 [1993]), the complaint, seeking damages for breach of the warranty of habitability is properly dismissed on the merits. The court also properly granted defendant summary judgment on its counterclaim for outstanding common charges. The statutory warranty of habitability prescribed by Real Property Law § 235-b does not extend to condominium unit owners, such as plaintiffs, and does not provide any basis for their [*2]withholding of common charges in derogation of the Condominium's bylaws (see Hyman v Able & Ready Appliance Repair Corp., 193 AD3d 509, 510 [2021]; Residential Bd. of Mgrs. of Century Condominium v Berman, 213 AD2d 206, 207 [1995]; Frisch v Bellmarc Mgt., 190 AD2d 383 [1993]).
As the prevailing party, the Civil Court properly found that defendant is entitled to attorneys' fees as set forth in the Condominium bylaws (see Board of Mgrs. of One Strivers Row Condominium v Giwa, 134 AD3d 514, 515 [2015]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur 
Decision Date: March 24, 2025